**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Winnie Van, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  12 C 1219 |
| | ) | |
| Credit Control, LLC, a Missouri limited | ) | |
| liability company, and JH Portfolio Debt | ) | |
| Equities, LLC, a California limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Winnie Van, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Winnie Van ("Van"), is a citizen of the State of Arizona, from whom Defendants attempted to collect a delinquent consumer debt owed for an Aspire Card credit card, which was then allegedly owed to a bad debt buyer, JH Portfolio Debt Equities, despite the fact that she was represented by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Credit Control operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Credit Control was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant, JH Portfolio Debt Equities, LLC ("JH Portfolio"), is a California limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  JH Portfolio operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant JH Portfolio was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.     Defendant JH Portfolio is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.  Moreover, JH Portfolio owns and controls Defendant Credit Control.

7.     Defendant JH Portfolio and Credit Control are both authorized to conduct

business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Credit Control and JH Portfolio each conduct extensive and substantial business in Illinois.

8.      Defendant JH Portfolio and Credit Control are both licensed as debt collection agencies in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants Credit Control and JH Portfolio each act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

9.      Ms. Van is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally to Aspire Card. At some point in time, Defendant JH Portfolio bought Ms. Van's Aspire Card debt, and when Defendants began trying to collect the Aspire Card debt from her, by sending her a collection letter dated January 28, 2011, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of Defendants letter it attached as Exhibit C.

10.     Accordingly, via a letter dated February 22, 2011, and faxed on February 23, 2011, one of Ms. Van's attorneys at LASPD informed Defendants, in writing, that Ms. Van was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Van was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

3

11.     Undeterred, Defendants continued to call Ms. Van directly, in an attempt to collect the Aspire Card debt from her, including, but not limited to, a telephone call on February 7, 2012, from telephone number 877-395-3541.

12.     Accordingly, on February 9, 2012, Ms. Van's LASPD attorney again sent Defendants a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

13.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17.     Here, the letter from Ms. Van's agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

18.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for

actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendants knew, or readily could have known, that Ms. Van was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Van was represented by counsel, and had directed a cessation of communications with Ms. Van (Exhibit D).  By directly calling Ms. Van, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Winnie Van, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Van, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

5

1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Winnie Van, demands trial by jury.

Winnie Van,

By: /s/ David J. Philipps___
One of Plaintiff's Attorneys

Dated: February 21, 2012

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Lewis Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com